IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HEATHER EZELL and MICHELE STOLL, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION<br><br>Defendant. | Civil Action No. 3:24-cv-01373<br><br>Judge Karen Gren Scholer |

## HEALTH CARE SERVICE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS IT FROM PLAINTIFFS' FIRST AMENDED COMPLAINT

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................... 1
II. RELEVANT ALLEGED FACTS............................................................................. 2
    A. Plan Structure and Parties ............................................................................ 2
    B. Alleged Events ............................................................................................. 2
III. STANDARD OF REVIEW ....................................................................................... 3
IV. ARGUMENT ............................................................................................................. 3
    A. BCBSTX Did Not Have Any Duty, Fiduciary or Otherwise, to Notify Plaintiffs under ERISA or COBRA. ............................................................. 4
    B. ERISA Prohibits Plaintiffs' Request for a Jury Trial.................................... 6
V. CONCLUSION.......................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................... 3

*Borst v. Chevron Corp.*,
   36 F.3d 1308 (5th Cir. 1994) ..................................................................................... 6

*Brown v. Aetna Life Ins. Co.*,
   975 F. Supp. 2d 610 (W.D. Tex. 2013) ...................................................................... 6

*Elms v. Aetna Health, Inc.*,
   No. SA-08-CV-0741-XR, 2009 U.S. Dist. LEXIS 141649 (W.D. Tex. Jan. 5,
   2009) .......................................................................................................................... 6

*Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*,
   894 F.3d 665 (5th Cir. 2018) ..................................................................................... 3

*Mars v. Miss. Exp. R.R. Co.*,
   No. 1:19-CV-290-KS-RHW, 2020 U.S. Dist. LEXIS 59532 (S.D. Miss. Apr.
   3, 2020) .................................................................................................................. 4, 5

*Mary Kay Holding Corp. v. Fed. Ins. Co.*,
   309 F. App'x 843 (5th Cir. 2009) ............................................................................... 5

*Morris Cty. Nat'l Bank v. John Deere Ins. Co.*,
   254 F.3d 538 (5th Cir. 2001) ..................................................................................... 4

*Onyebuchi v. Volt Mgmt. Corp.*,
   No. 4:04-CV-576-A, 2005 U.S. Dist. LEXIS 5175 (N.D. Tex. Mar. 31, 2005) ......... 5

*Shindler v. Mid-Continent Life Ins. Co.*,
   768 S.W.2d 331 (Tex. App.-Houston 14th Dist. 1989) ............................................. 4

*Tex. Farm Bureau Underwriters v. Rasmussen*,
   410 S.W.3d 335 (Tex. App. 2013) ............................................................................. 4

**Statutes**

29 U.S.C. § 1166(a)(4) ........................................................................................................ 4

**Rules**

Fed. R. Civ. P. 8(a)(2) ........................................................................................................3

Fed. R. Civ. P. 12(b)(6) ..................................................................................................1, 3

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company operating in Texas as Blue Cross and Blue Shield of Texas ("BCBSTX"), by and through undersigned counsel moves to dismiss the First Amended Complaint (the "FAC") (ECF No. 16) filed by Plaintiffs Heather Ezell, Michele Stoll, and Thomas Shores (collectively "Plaintiffs"), to the extent it asserts claims against BCBSTX and pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

Plaintiffs' FAC alleges a scenario in which a non-BCBSTX defendant, Heights Healthcare of Texas, LLC (*d/b/a* White Rock Medical Center) ("White Rock Medical Center"), laid off Plaintiffs without proper notice and improperly withheld their health insurance premiums, rather than use them to pay BCBSTX for health insurance coverage for Plaintiffs. The FAC does not allege that BCBSTX—the insurer of the employee health benefit plan—had any knowledge of or involvement in these underlying facts.

As it relates to BCBSTX, Plaintiffs' FAC consists entirely of vague, unsupported claims premised on the existence of unspecified fiduciary duties and statutory obligations that purportedly required BCBSTX to "notify Plaintiffs Ezell and Stoll that they did not have coverage and/or that their coverage had been retroactively rescinded[.]" FAC ¶ 93. Not only do Plaintiffs fail to identify any fiduciary duty or statutory duty requiring BCBSTX to provide such notice and benefits, but well-established authority makes clear such duties do not exist. Plaintiffs' request for a jury trial as to Count III is also barred by ERISA. As such, BCBSTX respectfully requests that the Court dismiss Count III of Plaintiffs' FAC as to BCBSTX with prejudice and strike Plaintiffs' demand for a jury trial with respect to Count III.[1]0.

---

[1] Plaintiffs agreed that BCBSTX should not be referenced in the heading of Count VI and that Plaintiffs will strike BCBSTX from that heading.

- 1 -

## II. RELEVANT ALLEGED FACTS[2]

### A. Plan Structure and Parties

Plaintiffs Heather Ezell and Michele Stoll were formerly employed at White Rock Medical Center in Dallas, Texas. FAC ¶¶ 1-2. The Plaintiffs were both formerly covered by a health insurance policy (the "Plan"), for which BCBSTX was "the health insurance provider…" *Id*. ¶¶ 1-2, 13. Defendant NCP Management, LLC was a sponsor of the Plan, and was named as Plaintiffs' employer in the "Benefits Guide" distributed to employees. *Id*. ¶ 5. Defendant National Payroll Services, LLC was the Plan Administrator and was named as Plaintiffs' employer on W2 forms. *Id*. ¶ 6. Defendant Mirza Baig is the CEO of White Rock Medical Center and was "a fiduciary of the" Plan. *Id*. ¶ 9. "Defendant Terry Fokas is the Chief Restructuring Officer of White Rock Medical Center and a fiduciary of the" Plan. *Id*. ¶ 10. "Defendant Rashid Syed is the Chief Operating Officer of White Rock Medical Center and a fiduciary of the" Plan. *Id*. ¶ 12.

### B. Alleged Events

The FAC alleges that between March 1, 2024 and April 29, 2024, White Rock Medical Center deducted Plaintiffs' share of health insurance premiums from their paychecks but did not remit those premiums to BCBSTX. *Id*. ¶¶ 39-40. White Rock Medical Center also did not remit its employer share of the insurance premiums to BCBSTX during that time. *Id*. ¶ 41. BCBSTX canceled Plaintiffs' coverage under the plan, effective March 1, 2024, because of White Rock Medical Center's failure to pay those premiums. *Id*. ¶¶ 42-43. Thereafter Plaintiffs "learned from Blue Cross and Blue Shield of Texas that their insurance coverage had been retroactively discontinued as of March 1, 2024." *Id*. ¶ 49. BCBSTX also provided Plaintiffs with explanation of

---

[2] BCBSTX assumes Plaintiffs' factual allegations are true solely for purposes of this Motion to Dismiss, and not for any other purpose.

benefit notices stating that Plaintiffs owed money for a number of medical services they received between March and April 2024 due to the termination of the policy. *Id.* ¶¶ 51-52.

Based on these allegations, Plaintiffs assert a claim in Count III against BCBSTX for breach of fiduciary duty under various provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, as amended ("ERISA"), alleging that BCBSTX "had a fiduciary duty to notify Plaintiffs Ezell and Stoll that they did not have coverage and/or that their coverage had been retroactively rescinded as soon as Blue Cross Blue Shield of Texas became aware that White Rock Medical Center was in default on its premium payments." *Id.* ¶ 93.

### III. STANDARD OF REVIEW

Rule 12(b)(6) permits movants to seek dismissal due to a plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a valid claim for relief, a complaint "must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) (quoting *Ashcroft v. Iqbal* ("*Iqbal*"), 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 547 (2007) (internal quotations omitted)). A complaint that merely alleges the "possibility of misconduct" or a "conceivable" claim for relief is insufficient. *Iqbal*, 556 U.S. at 679-80 (quoting *Twombly*, 550 U.S. at 570). Instead, a plaintiff must allege sufficient factual matter that **shows** he or she is entitled to relief. *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Firefighters' Ret. Sys.*, 894 F.3d at 669 (citation and internal quotations omitted).

### IV. ARGUMENT

By Plaintiffs' own allegations, BCBSTX is not a party vested with statutory or fiduciary duties under COBRA or ERISA to provide notice to Plaintiffs of policy termination. Plaintiffs'

request for a jury trial as to Count III is also barred by ERISA. The Court therefore should dismiss Count III with prejudice to the extent it relates to BCBSTX and/or strike Plaintiffs' demand for a jury trial with respect to Count III.

### A. BCBSTX Did Not Have Any Duty, Fiduciary or Otherwise, to Notify Plaintiffs under ERISA or COBRA.

BCBSTX has no duty under COBRA, ERISA or Texas law to notify insureds like Plaintiffs of the termination of their policy, a defect that is fatal to Plaintiffs' claims against BCBSTX. In the absence of any such duty, Plaintiffs cannot state a claim against BCBSTX, and the FAC should be dismissed with prejudice as to BCBSTX.

It is well established that a plan insurer like BCBSTX does not have any statutory or fiduciary duties under ERISA or COBRA[3] to provide notice to plan participants of events that give rise to COBRA rights. Instead, "[a]s part of its obligations under the COBRA, **the plan administrator**, usually the employer, must notify the beneficiary of her rights under COBRA after the qualifying event occurs." *Mars v. Miss. Exp. R.R. Co.*, No. 1:19-CV-290-KS-RHW, 2020 U.S. Dist. LEXIS 59532, at *6-7 (S.D. Miss. Apr. 3, 2020) (emphasis added) (citing 29 U.S.C. § 1166(a)(4)) (collecting cases) (holding that since "United was not the plan administrator … it had no statutory duty to provide Plaintiff a COBRA notice.").

---

[3] Though Plaintiffs assert a breach of fiduciary duty under ERISA in Count III, it is also well established that Texas law does not impose any duty on an insurer to notify an insured of the termination of a policy. The Fifth Circuit has made clear that "[i]n Texas, one limitation on an insurance policy is that an insurer has no duty to notify the insured of the policy's expiration in the absence of contrary policy provisions." *Morris Cty. Nat'l Bank v. John Deere Ins. Co.*, 254 F.3d 538, 541 (5th Cir. 2001) (citing *Shindler v. Mid-Continent Life Ins. Co.*, 768 S.W.2d 331, 333 (Tex. App.-Houston 14th Dist. 1989)); *see also Tex. Farm Bureau Underwriters v. Rasmussen*, 410 S.W.3d 335, 340 (Tex. App. 2013) ("An insurer, however, has no obligation to inform an insured about a delinquent premium.") (collecting cases). Indeed, "[t]his rule is consistent with Texas's principle that an insured is deemed to know the contents of his insurance contract, including its expiration date." *Morris Cty. Nat'l Bank*, 254 F.3d at 541.

As Plaintiffs allege, National Payroll Services, LLC, and not BCBSTX, is the Plan's administrator. Compl. ¶ 6.  Since Plaintiffs admit that BCBSTX is not the Plan's administrator, BCBSTX does not have any duty to notify under COBRA. *Mars*, 2020 U.S. Dist. LEXIS 59532, at *7. Accordingly, to the extent Plaintiffs attempt to assert statutory claims in Count III against BCBSTX premised on the existence of such a duty under COBRA, such claims fail as a matter of law.

Plaintiffs cannot get around COBRA's provision of statutory duties by reclassifying this notice obligation as a fiduciary duty under ERISA in Count III, as "notice requirements of COBRA are not enumerated in the fiduciary duties listed in 29 U.S.C. § 1104." *Onyebuchi v. Volt Mgmt. Corp.*, No. 4:04-CV-576-A, 2005 U.S. Dist. LEXIS 5175, at *11 (N.D. Tex. Mar. 31, 2005). Indeed, the "Fifth Circuit has stated that the **sole remedy** for the failure to provide the required COBRA notices is provided by 29 U.S.C. § 1132(c)[.]" *Id.* (emphasis added). Plaintiffs may not assert an alternative fiduciary duty theory under ERISA premised on a failure to provide notice because ERISA does not impose a fiduciary duty on **any party** to provide such notices.

Simply put, "fiduciary-duty claims based on alleged violations of COBRA fail to state a claim for which relief may be granted, and such claims should be dismissed." *Id.* (affirming that the "failure to provide COBRA notice is not a breach of fiduciary duty"); *see also Mary Kay Holding Corp. v. Fed. Ins. Co.*, 309 F. App'x 843, 850 (5th Cir. 2009) ("COBRA relief may have been available in the MSC Suit, but not as a fiduciary breach"). Accordingly, Plaintiffs' claims that BCBSTX "had a fiduciary duty to notify Plaintiffs" or a duty to notify under COBRA fail to state a claim for which relief can be granted and the Court should dismiss Count III as to BCBSTX with prejudice. FAC ¶ 93.

**B.     ERISA Prohibits Plaintiffs' Request for a Jury Trial.**

Plaintiffs' Complaint also demands "a trial by jury of all issues raised in this civil action that are triable of right (or choice) by a jury." FAC ¶ 154. "There is typically no right to a jury trial for claims under ERISA, because ERISA claims generally sound in equity rather than in law." *Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 629 (W.D. Tex. 2013); *see also Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) ("ERISA law is closely analogous to the law of trusts, an area within the exclusive jurisdiction of the courts of equity . . . . We have held, as have the majority of the other circuits, that ERISA claims do not entitle a plaintiff to a jury trial.") (citations omitted); *Elms v. Aetna Health, Inc.*, No. SA-08-CV-0741-XR, 2009 U.S. Dist. LEXIS 141649, at *3-4 (W.D. Tex. Jan. 5, 2009) (finding that plaintiff was not entitled to jury trial because he sought reimbursement for medical expenses denied under an ERISA plan) (collecting cases). As set forth above, to the extent that Plaintiffs' causes of action arise from a healthcare plan governed by ERISA, the only remedies available to Plaintiff are also necessarily governed by ERISA. Because remedies under ERISA are equitable in nature, Plaintiffs are not entitled to a jury trial as to their claims under Count III. *Brown,* 975 F. Supp. 2d at 629; *Borst*, 36 F.3d at 1324. Accordingly, the Court should strike Plaintiffs' jury demand with respect to Count III.

**V.     CONCLUSION**

For the reasons set forth more fully above, BCBSTX respectfully requests that the Court enter an order dismissing Count III as to BCBSTX with prejudice and/or striking Plaintiffs' demand for a jury trial with respect to Count III.

DATE: August 2, 2024

Respectfully Submitted,                /s/ Thomas C. Hardy

                                       Martin J. Bishop
                                       State Bar No. 24086915
                                       mbishop@reedsmith.com
                                       John Tilton
                                       State Bar No. 24130803
                                       jtilton@reedsmith.com
                                       **Reed Smith LLP**
                                       2850 N. Harwood Street, Suite 1500
                                       Dallas, Texas 75201
                                       Telephone: (469) 680-4200
                                       Facsimile: (469) 680-4299

                                       Thomas C. Hardy (*pro hac vice forthcoming*)
                                       thardy@reedsmith.com
                                       **Reed Smith LLP**
                                       10 S. Wacker Drive, 40th Floor
                                       Chicago, IL 60606
                                       Telephone: (312) 207-2427
                                       Facsimile: (312) 207-6400

                                       **ATTORNEYS FOR DEFENDANT**
                                       **HEALTH CARE SERVICE CORPORATION**

- 8 -

## **CERTIFICATE OF SERVICE**

The undersigned certifies that I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, which will serve all counsel of record.

/s/ *Martin J. Bishop*
Martin J. Bishop